UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 OCT -9  P 1: 39

| | |
|---|---|
| Curtis Castra, | C/A No. 9:07-cv-03126-HFF-GCK |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Donald F. Bauknecht, Warden, | |
| Respondent. | |



Curtis Castra (Petitioner) is an inmate at the Federal Correctional Institution Williamsburg, in Salters, South Carolina, which is a facility of the Federal Bureau of Prisons (BOP). Petitioner files this habeas action pursuant to 28 U.S.C. § 2241.[1] Petitioner is serving two concurrent life sentences, a sixty month consecutive sentence and a one hundred twenty month concurrent sentence imposed by the United States District Court for the Northern District of Florida in 1997. Petitioner appealed his convictions, and the United States Court of Appeals for the Eleventh Circuit affirmed on March 18, 1998. Petitioner filed a § 2255 motion in the United States District Court for the Northern District of Florida, and it was denied January 25, 2000.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Further reference to habeas sections of Title 28 will be by section number only.

and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner brings this action as a § 2241 petition for a writ of habeas corpus. A petition for habeas corpus under § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). Petitioner states he is challenging BOP policy regarding motions brought under 28 U.S.C. § 3582(c)(1)(A) and alleges the policy is unconstitutional in its application to his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). (Pet.5-8.) Even though Petitioner couches this petition as a challenge to the unconstitutional application of BOP policy, it is actually a challenge to his underlying sentence based on *U.S. v. Booker*, 543 U.S. at 220. Petitioner states "that the decision in *Booker* as far as mandatory guideline enhancements imposed prior to Booker, should prohibit the BOP from imposing adverse

2

consequences upon inmates for enhancements imposed clearly unconstitutionally." (Pet. at 6).

The essence of this petition is a challenge to the constitutionality of Petitioner's pre-*Booker* sentence enhancements which must be pursued through a § 2255 motion. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994) ( "a prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255"). This petition for writ of habeas corpus under § 2241 should be dismissed because the Petitioner's claims regarding his federal sentence are cognizable under § 2255, not § 2241.

Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, the fact that a § 2255 motion previously filed by the petitioner has been denied does not render the § 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n 5 (4th Cir. 1997). The Fourth Circuit Court of Appeals has held that:



> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F. 3d 328, 333-334 (4th Cir. 2000).

Petitioner does not meet the inadequate and ineffective test in *Jones* in order to pursue relief under § 2241 rather than § 2255 by asserting a *Booker* claim. Petitioner's sentence became final and his § 2255 motion was decided prior to the United States Supreme Court's January 2005 decision in *Booker*. However, this petition should be dismissed because the Fourth Circuit has held that *Booker* is not retroactively applicable to cases on collateral review. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his sentence in order to seek relief under § 2241.

Petitioner also alleges that BOP has abused it's discretion by failing to move pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction of his sentence. This claim attacks the validity of petitioner's sentence, and therefore, is foreclosed as a successive § 2255. Petitioner should not be allowed to bring this action in this Court styled as a § 2241 petition in order to circumvent the fact that he has not been granted authority to file a successive § 2255 motion in the sentencing court. *See* 28 U.S.C. §§ 2244; 2255. Additionally, proceedings to modify sentence under § 3582, like § 2255 motions, must be heard by the court imposing sentence. *United States v. Jones*, 143 Fed. App'x. 526, 527 (4th Cir. 2005) (noting that § 3582 grants the sentencing court discretion to modify a sentence).

**Recommendation**



Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus

4

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

George C. Kosko
United States Magistrate Judge

October __9__, 2007
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).